UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN HYLTON,<br><br>*Plaintiff*,<br><br>v.<br><br>MURIEL BOWSER, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:21-cv-02673-JMC<br>Civil Action No. 1:22-cv-00554-JMC |

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINTS

Defendants District of Columbia (the District), Muriel Bowser, and the Metropolitan Police Department (MPD) move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Amended Complaints in Case No. 21-cv-02673 and Case No. 22-cv-00554. Plaintiff's allegations do not identify a policy, custom, or practice of the District that purportedly caused the underlying constitutional violation, so her 42 U.S.C. § 1983 claims against the District should be dismissed. Further, although Mayor Bowser is a named as a defendant she should be dismissed because there is no allegation about her anywhere in the pleadings and any official capacity claim is duplicative of those brought against the District. Lastly, MPD is *non sui juris* and should be dismissed.

A memorandum of points and authorities in support of this Motion and proposed order are attached for the Court's consideration.

Date:  March 21, 2022           Respectfully submitted,

                                KARL A. RACINE
                                Attorney General for the District of Columbia

                                CHAD COPELAND
                                Deputy Attorney General
                                Civil Litigation Division

/s/ *Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Acting Chief, Civil Litigation Division, Section III

/s/ *Katrina Seeman*
ROBERT A. DEBERARDINIS, JR. [335976]
Senior Assistant Attorney General
KATRINA SEEMAN [1671729]
MARGARET ULLE [1658843]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone:  (202) 724-6607
Fax:  (202) 724-5917
Email:  katrina.seeman@dc.gov

*Counsel for Defendants District of Columbia, Muriel Bowser, and Metropolitan Police Department*

2

## CERTIFICATE OF SERVICE

On March 21, 2022,[*] I emailed and arranged for a staff assistant in my office to serve a copy of Defendants' Motion to Dismiss the Amended Complaints by first class mail, postage prepaid, to:

Karen Hylton
602 Blandford Street, #1
Rockville, MD  20850
tallskyys@gmail.com
*Plaintiff pro se*

                                        */s/ Katrina Seeman*
                                        KATRINA SEEMAN
                                        Assistant Attorney General

---

[*] Due to the COVID-19 pandemic, the Office of the Attorney General is operating under an emergency telework policy.  Select staff are only physically in the office on certain days.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN HYLTON,<br><br>*Plaintiff*,<br><br>v.<br><br>MURIEL BOWSER, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:21-cv-02673-JMC<br>Civil Action No. 1:22-cv-00554-JMC |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINTS

Plaintiff Karen Hylton alleges she was assaulted by officers of the Metropolitan Police Department (MPD) and that as a result Defendants District of Columbia (the District), Mayor Muriel Bowser, and MPD are liable for violating her civil rights. Am. Compl. [4] at 1-2.[1] Plaintiff, however, fails to plead any facts to establish an unconstitutional custom, policy, or practice of the District that caused her injury and so any 42 U.S.C. § 1983 claim against the District should be dismissed. All claims against Mayor Bowser should also be dismissed because any official capacity claim is duplicative of Plaintiff's suit against the District, and there is no allegation about Mayor Bowser's personal involvement in the Amended Complaint. And because MPD is *non sui juris*, the agency should also be dismissed.

---

[1] Plaintiff filed identical amended complaints in Civil Action No. 21-cv-02673 and Civil Action No. 22-cv-00554. For ease of reference and in light of the Court's March 9, 2022 Minute Order consolidating the cases, Defendants refer to the operative pleading in Civil Action No. 21-cv-02673.

## BACKGROUND

**I.     Factual Background**

According to the Amended Complaint, Plaintiff was assaulted by MPD officers on two occasions. This first, occurring on November 14, 2020, involved an alleged altercation between Plaintiff and Officers Christopher Delisi and Keton Valcin at or near 5th and Kennedy Streets, NW. Am. Compl. at 1. Plaintiff claims that the officers approached her while she was spray-painting a house at that location and asked her twice whether she lived there. *Id.* Plaintiff did not respond. *See id.* ("The officer proceeded to ask again . . . . As I went to say yes . . ."). Then, according to Plaintiff, one of the officers forcefully "grabbed [her] right arm, [ ] twisted it[,] slammed [her] against the wall[,] and began kneeing [her] in [her] leg and [side]." *Id.* Plaintiff alleges a commotion broke out and "15 more officers" "ran up as if [it] was a planned attack." *Id.*

The second alleged assault took place on December 19, 2020, outside a police station. Am. Compl. at 1-2.[2] Plaintiff alleges that she was attending a "peaceful protest" in front of the station related to the widely publicized death of her son, Karon Hylton-Brown. *See id.* at 1. According to Plaintiff, the police station was "barricaded" and had "barriers" erected blocking the entrance. *Id.* Plaintiff, however, scaled the barriers and "walked up to the [ ] building[.]" *Id.* After Plaintiff crossed the police line, Lieutenant Jason Bagshaw apparently pointed at her, after which Officer Renia Lane and others allegedly "grabbed and snatched [her] while beating the shit out of [her] . . . on video camera." *Id.* at 2.

---

[2]    Although Plaintiff does not say—and while it is not relevant to a decision on this Motion—the police station referenced in the pleadings is the Fourth District Station, located at 6001 Georgia Avenue, NW.

II.     **Procedural Background**

On October 12, 2021, Plaintiff filed her Complaint, *pro se*, in Case No. 21-cv-02673 [1], naming as defendants the District, Mayor Muriel Bowser, the D.C. Office of Risk Management, MPD, and unknown police officers. On November 4, 2021, the Court *sua sponte* issued an order [3] identifying several deficiencies in the Complaint and directing Plaintiff to file an Amended Complaint to remedy them. Plaintiff filed the Amended Complaint [4] on December 27, 2021, identifying the individual officers who allegedly assaulted her. On January 4, 2022, the Court reviewed the Amended Complaint and *sua sponte* dismissed all individual defendants, including Mayor Bowser, and MPD without prejudice, leaving the District as the sole defendant. *See* Jan. 4, 2022 Or. [5]. Plaintiff filed an identical action in the Superior Court of the District of Columbia on November 30, 2021, and served only the District, Mayor Bowser, and MPD. On March 1, 2022, Defendants in Plaintiff's Superior Court case removed to this Court as Case No. 22-cv-00554 [1], and shortly thereafter moved with Plaintiff's consent to consolidate the two cases [11]. The Court granted the Motion to Consolidate by minute order dated March 9, 2022.

**STANDARD OF REVIEW**

Rule 12(b)(6) permits a party to move to dismiss a complaint that fails to state a claim upon which relief can be granted. "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide "detailed factual allegations" to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and

3

conclusions" to provide "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555.  A complaint alleging facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (brackets omitted).  Although *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers," a plaintiff still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## ARGUMENT

### I. The Court Should Dismiss Plaintiff's Claim Against the District Because Plaintiff Did Not Plead a Basis for Municipal Liability Under *Monell*.

Plaintiff's Amended Complaint alleges that her civil rights—presumably her Fourth Amendment rights—were violated when MPD officers used excessive force while arresting her. *See* Am. Compl. at 1 ("Under [the] Civil Rights Act, on [December 19, 2020,] I was violated.").  But the District, like all municipalities, is not liable for constitutional violations unless the plaintiff can establish liability under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 694 (1978).  Liability under *Monell* is severely limited:  A showing of common law respondeat superior liability is not enough; rather, to state a *Monell* claim under 42 U.S.C. § 1983, a plaintiff must allege *both* a predicate constitutional violation *and* that a custom or policy of the District was the "moving force behind the constitutional violation." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

A "custom or policy" may be established under four theories:  (1) "the explicit setting of a policy by the government that violates the Constitution" (2) "[t]he action of a policy maker within the government," (3) "the adoption through a knowing failure to act by a policy maker of

actions by his subordinates that are so consistent that they have become custom," or (4) "the failure of the government to respond to a need (for example, training of employees) in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Id*. Failure to plead facts establishing any one of the four is grounds for dismissal under Rule 12(b)(6). *See Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015); *accord Hodges v. District of Columbia*, 975 F. Supp. 2d 33, 54 (D.D.C. 2013) ("The fact that [a] claim arises under section 1983 does not relieve [plaintiff] of the obligation to satisfy the criteria established in *Iqbal* and *Twombly*").

Here, Plaintiff's Amended Complaint identifies no theory of *Monell* liability and lack factual allegation from which one could be inferred. At best, Plaintiff's allegation that "the District is liable for the acts and omissions" of MPD officers pleads a theory of *respondeat superior* liability, which indisputably fails to state a claim under 42 U.S.C. § 1983. *See Monell*, 436 U.S. at 691. And Plaintiff's allegation that the District is responsible for the violation of her civil rights is a legal conclusion that the Court need not accept as true. *Iqbal*, 556 U.S. at 678. Indeed, a pleading that offers only "labels and conclusions" (*e.g.*, the District violated my civil rights, *see* Am. Compl. at 1) will not survive a motion to dismiss. *See, e.g.*, *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987) (single allegation that defendants violated plaintiff's constitutional rights with no reference to an established unconstitutional custom or policy fails to state a claim). Consequently, Plaintiff's claims against the District should be dismissed.

**II.    The Court Should Dismiss Mayor Bowser as a Defendant.**

The Amended Complaint does not specify whether Plaintiff is attempting to sue Mayor Bowser in her personal or official capacity, but either way, the Mayor should be dismissed as a defendant. If Plaintiff intended to sue Mayor Bowser in her official capacity, these claims are

duplicative of the same claims against the District and therefore subject to dismissal as redundant.  *See Mack v. Aspen of DC, Inc.*, 248 F. Supp. 3d 215, 218 (D.D.C. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)); *Barnes v. District of Columbia*, No. 03-cv-2547 (RWR), 2005 WL 1241132 at *3 (D.D.C. May 24, 2005) ("Because it is duplicative to name both a governmental entity and the entity's employees in their official capacity, claims against individuals named in their official capacity have been routinely dismissed as 'redundant and an inefficient use of judicial resources.'" (quoting *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997)).  And any claim against Mayor Bowser in her personal capacity should be dismissed because there is no allegation about Mayor Bowser in the Amended Complaint—let alone an allegation that implicates her *personally*.  *Cf. Thomas v. Knight*, 257 F. Supp. 2d 86, 89 n. 2 (D.D.C. 2003) (construing claims against defendants government officials as official capacity claims where "nothing in the complaint would support an allegation that any of the individuals acted outside of their official capacities or outside of their official authority." (citing *Briggs v. Goodwin*, 569 F.2d 10, 15 (D.C. Cir. 1977)).  Indeed, Mayor Bowser's name only appears in the caption of the cases.  *See generally*, Am. Compl.  Accordingly, the Court should dismiss Mayor Bowser as a defendant.

### III. The Court Should Dismiss MPD as a Defendant.

Plaintiff also names MPD as a defendant.  Am. Compl. at 1.  However, "it is well settled that MPD is *non sui juris* and, therefore, cannot sue or be sued."  *Heenan v. Leo*, 525 F. Supp. 2d 110, 112 (D.D.C. 2007) (collecting cases).  The Court should therefore dismiss MPD as a defendant.

**CONCLUSION**

For these reasons, the District respectfully requests that the Court grant this Motion and dismiss the Amended Complaint in Case No. 21-cv-02673 and Case No. 22-cv-00554.

Date:  March 21, 2022                              Respectfully submitted,

                                                         KARL A. RACINE
                                                         Attorney General for the District of Columbia

                                                         CHAD COPELAND
                                                         Deputy Attorney General
                                                         Civil Litigation Division

                                                         */s/ Matthew R. Blecher*
                                                         MATTHEW R. BLECHER [1012957]
                                                         Acting Chief, Civil Litigation Division, Section III

                                                         */s/ Katrina Seeman*
                                                         ROBERT A. DEBERARDINIS, JR. [335976]
                                                         Senior Assistant Attorney General
                                                         KATRINA SEEMAN [1671729]
                                                         MARGARET ULLE [1658843]
                                                         Assistant Attorneys General
                                                         Civil Litigation Division
                                                         400 6th Street, NW
                                                         Washington, D.C. 20001
                                                         Phone:  (202) 724-6607
                                                         Fax:  (202) 724-5917
                                                         Email:  katrina.seeman@dc.gov

                                                         *Counsel for Defendants District of Columbia,*
                                                         *Muriel Bowser, and Metropolitan Police*
                                                         *Department*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN HYLTON,<br><br>    *Plaintiff*,<br><br>v.<br><br>MURIEL BOWSER, *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:21-cv-02673-JMC<br>Civil Action No. 1:22-cv-00554-JMC |

## ORDER

Upon consideration of Defendants' Motion to Dismiss the Amended Complaints, any opposition or reply thereto, and the entire record herein, it is this ___ day of _____, 2022:

**ORDERED** that Defendants' Motion is **GRANTED**; and it is further

**ORDERED** that the Amended Complaints in Case No. 21-cv-02673 and Case No. 22-cv-00554 are **DISMISSED**.

**SO ORDERED.**

                                                               _____
                                                               JIA M. COBB
                                                               United States District Judge